UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN HOLT,

    Petitioner,

v.

J. A. TERRIS, *Warden*,

    Respondent.

Case No. 16-10667
Honorable Laurie J. Michelson
Magistrate Judge Patricia T. Morris

**OPINION AND ORDER
ACCEPTING THE MAGISTRATE JUDGE'S RECOMMENDATION [8] AND
DENYING PETITION FOR HABEAS CORPUS [1]**

    This case presents this question: can a military prisoner serving a life sentence use his Military Abatement Good Time (MAGT) to advance the date that he will likely be released on parole? The parties have not provided, and the Court has not found, legal authority explicitly stating that MAGT (as opposed to other types of good time) cannot advance the date a prisoner is likely to be released on parole (either as a general matter or in the specific case where a prisoner is serving a life sentence). But it does appear that MAGT earned by a prisoner serving an indeterminate life sentence must be held in abeyance unless and until that prisoner's sentence is reduced to a determinate sentence. Moreover, Petition Kevin Holt analogizes MAGT with Extra Good Time, and it is clear that Extra Good Time does not advance the date a prisoner is likely to be released on parole. For these reasons and those that follow, the Court will deny Holt's petition for a writ of habeas corpus.

    In 1993, Holt was convicted of murder in a military court and sentenced to life in prison. (R. 5, PID 23.) Holt spent the first nine years of his sentence in a military prison, where he earned 993 days of MAGT. (R. 1, PID 7.)

In January 2002, Holt was transferred to the Bureau of Prisons (BOP) to serve the remainder of his life sentence. (*Id.*)

In 2011, the United States Parole Commission assessed Holt for parole. (*See* R. 1, PID 12.) Although parole has been abolished in the federal system, military prisoners in the custody of BOP are still eligible. *See Hirsch v. Sec'y of Army*, 172 F.3d 878 (table), at *2 (10th Cir. 1999). The Parole Commission rescinded Holt's presumptive parole date of January 2012 and provided that the BOP "should calculate a two-thirds date on the military sentence of life in prison." (*See* R. 1, PID 12.) The "two-thirds" date is a reference to 18 U.S.C. § 4206(d) (repealed), which provides that federal prisoners who have a sentence of more than five years "shall be released on parole after having served two-thirds of each consecutive term or terms" or, in the case of a life sentence, "shall be released on parole . . . after serving thirty years"—unless the prisoner has "seriously or frequently violated institution rules [or] regulations" or there is "a reasonable probability that [the prisoner] will commit any Federal, State, or local crime." As Holt has a life sentence, the BOP calculated Holt's "two-thirds" date to be 30 years from the start of his sentence, i.e., May 25, 2022. (R. 1, PID 13.) This calculation of Holt's release-on-parole date did not include Holt's 993 days of MAGT.

Holt believes it should have. He argues, "If the BOP credits me with the 993 days of [MAGT] it will reduce my two-thirds date by 993 days which would give me an earlier release date on mandatory parole." (R. 1, PID 7–8; *see also* R. 9, PID 97.) The result, says Holt, is that he should be released from prison on September 8, 2019. (R. 1, PID 8–9.) Holt petitions this Court for a writ of habeas corpus, apparently asking this Court to order that his MAGT be applied to his two-thirds date. (*See* R. 1, PID 9.)

The Court referred Holt's petition to Magistrate Judge Patricia T. Morris. (R. 7.) She recommends denying Holt's petition. She explains, "Although Petitioner correctly notes that he earned 993 [days] of MAGT, military policy dictates that these [days] be held in abeyance if and until his life sentence becomes determinate, and the military—not the BoP—computes the sentence. . . . [I]f and when Petitioner's sentence is reduced to a determinate length, the issue of [MAGT] credit can be properly addressed with the military at that time." (R. 8, PID 90 (internal quotation marks omitted).)

Holt objects. As this Court understands it, Holt's argument (both before the Magistrate Judge and this Court) is based on subsection (f) of 28 C.F.R. § 2.60. (*See* R. 1, PID 8; R. 6, PID 70; R. 9, PID 95–96.) Another subsection of § 2.60 provides that prisoners who "demonstrate superior program achievement (in addition to a good conduct record) may be considered for a limited advancement" of their presumptive release date. 28 C.F.R. § 2.60(a). ("Superior program achievement may be demonstrated in areas such as educational, vocational, industry, or counselling programs." 28 C.F.R. § 2.60(b).) Subsection (f) then provides, "*If the prisoner's presumptive release date has been further reduced by extra good time (18 U.S.C. 4162)* and such reduction equals or exceeds the reduction applicable for superior program achievement, the Commission will not give an additional reduction for superior program achievement." 28 C.F.R. § 2.60(f) (emphasis added). It is Holt's position that the emphasized language shows that a "presumptive release date" can be reduced by "extra good time." (*See* R. 6, PID 70.) He then argues that his two-thirds date is his "presumptive release date" and that his MAGT is "extra good time." (R. 1, PID 8; *see also* R. 6, PID 70; R. 9, PID 95–96.) It follows, according to Holt, that his two-thirds date (May 25, 2022) can be advanced by his 993 days of MAGT.

Before addressing Holt's argument directly, the Court pauses to note that Holt may not even have MAGT available for use at this moment. When Holt grieved that his two-thirds date should be advanced by his MAGT, the BOP told Holt that "[i]nmates serving a life sentence have their MAGT held in abeyance until such time that their sentences are reduced to a definite term." (R. 5, PID 64.) Respondent and the Magistrate Judge agree. (R. 5, PID 30–31; R. 8, PID 89.) The legal basis for this position appears to be an appendix to a Department of Defense Instruction providing that there are only three ways a military prisoner can abate his sentence: Good Conduct Time, Earned Time, and Special Acts Abatement. Dep't of Defense Inst. No. 1325.07, *Administration of Military Correctional Facilities and Clemency and Parole Authority* (Mar. 11, 2013), *available at* https://fas.org/irp/doddir/dod/i1325_07.pdf. And the Instruction says that a prisoner who has a life sentence may earn these abatement credits, but the time will be "held in abeyance." *Id.* at 69, 73, 76. And for Good Conduct Time and Earned Time (but not Special Acts Abatement), the Instruction further provides that for prisoners with a life sentence, the prisoner's abetment time "shall be . . . only awarded if the sentence is reduced to a determinate length." *Id.* at 73; *accord id.* at 69. In a letter to Holt, a supervisor of inmate personnel with the Department of the Army equated MAGT with Earned Time. (*See* R. 1, PID 51.) Based on all of this then, it appears that Holt's MAGT is properly held in abeyance unless and until his sentence is reduced to a determinate length.

But Holt believes he has a determinate sentence. He says that his parole date of May 25, 2022 is the end of sentence. In support, Holt relies on the regulation governing the two-thirds date: 28 C.F.R. § 2.53. (*See* R. 1, PID 9 (citing 28 C.F.R. § 2.53); R. 6, PID 72; R. 9, PID 95 (citing 28 C.F.R. § 2.53).)

It is true, as Holt points out, that § 2.53 is titled "Mandatory parole." But the text of that regulation, and the statute governing the two-thirds date, make clear that release on parole is still conditional on the Parole Commission finding (1) that the prisoner has not seriously or frequently violated his facility's rules and regulations and (2) that the prisoner is unlikely to commit a crime upon release. *See* 18 U.S.C. § 4206(d); 28 C.F.R. § 2.53(a). In other words, Holt's release on parole on his two-thirds date is not completely certain. And even it were certain, his release on parole would not mean that his *sentence* would be over: "A prisoner released on mandatory parole pursuant to this section shall remain under supervision until the expiration of the full term of his sentence unless the Commission terminates parole supervision pursuant to § 2.43 prior to the full term date of the sentence." 28 C.F.R. § 2.53(c); *see also Morrissey v. Brewer*, 408 U.S. 471, 477 (1972) ("The essence of parole is release from prison, before the completion of sentence, on the condition that the prisoner abide by certain rules during the balance of the sentence."). In other words, there is a difference between a prisoner's release on parole date and the completion of his full sentence. Thus, if MAGT is held in abeyance until a prisoner has a determinate sentence, Holt's petition must be denied because his two-thirds date did not convert his indeterminate life sentence into a determinate sentence of 30 years.

While it seems as though Holt's MAGT must be held in abeyance until he receives a determinate sentence, the letter equating Earned Time and MAGT is not entirely convincing. Holt earned 993 days of MAGT over about a nine-year period, but, according to the letter, Earned Time accrues at only 60 days per year. So if Earned Time is the same as MAGT, it seems that Holt should have only earned around 540 days (9 years x 60 days) of MAGT. Yet Holt has 993 days of MAGT. Further, the Court recognizes that a Department of Defense Instruction from 2013 that speaks only of Good Conduct Time, Earned Time, and Special Acts Abatement is not

the most persuasive legal authority for when Military Abatement Good Time, awarded to Holt in the 1990s, becomes effective.

So the Court returns to Holt's argument that his two-thirds date is a presumptive release date, that his MAGT is extra good time, and so, under the conditional clause of § 2.60(f), his MAGT can advance his two-thirds date.

Holt may be correct that the MAGT he earned at his military prison should be treated as if it were extra good time earned in a BOP facility. *See* 28 C.F.R. § 523.17(n) ("Extra good time earned in Federal Prison Industries in a military or Coast Guard installation is treated the same as if earned in Federal Prison Industries in the Bureau of Prisons. *Other forms of military or Coast Guard extra good time, such as Army Abatement time, are fully credited*, but no seniority is allowed." (emphasis added)); *Mansfield v. Beeler*, 238 F. App'x 794, 796 (3d Cir. 2007) ("Military Abatement Good Time Credit, which is similar to Extra Good Time Credit under 18 U.S.C. § 4162, is awarded at the discretion of the [Army Disciplinary Barracks] on the basis of employment with the prison industries.").

But assuming that the BOP should apply Holt's MAGT in the same manner as it applies extra good time, Holt would still have to show that his two-thirds date is the end of his sentence (which, as just explained, it is not). This is because extra good time can only shorten a sentence:

> Extra Good Time means a credit to a *sentence* as authorized by 18 U.S.C. 4162 for performing exceptionally meritorious service or for performing duties of outstanding importance in an institution or for employment in a Federal Prison Industry or Camp.

28 C.F.R. § 523.1(b) (emphasis added); *see also* 18 U.S.C. § 4162 (repealed) (referring to a deduction from a "sentence"); 28 C.F.R. § 523.17(f) ("An inmate serving a life sentence may earn extra good time even though there is no mandatory release date from which to deduct the credit since the possibility exists that the sentence may be reduced or commuted to a definite

6

term."). Indeed, although not speaking of extra good time specifically, the Parole Commission has taken the position that "the only function of good time credits is to determine the point in a prisoner's *sentence* when, *in the absence of parole*, the prisoner is to be conditionally released on supervision." 28 C.F.R. § 2.35(b) (emphasis added).

But if extra good time can only be deducted from a sentence, that raises the question of why § 2.60(f) says, "If the prisoner's *presumptive release date* has been further reduced by extra good time (18 U.S.C. 4162)"? The most likely explanation is that a presumptive release date can be either a parole release date or a sentence end date. *See* 28 C.F.R. § 2.12(b) ("the Commission shall . . . set a presumptive release date (either by parole *or* by mandatory release) . . . ." (emphasis added)); 28 C.F.R. § 2.1(g) (distinguishing between release on parole and "mandatory release" and providing that mandatory release is, as set forth in 18 U.S.C. §§ 4163, 4164, the expiration of a term of sentence less good time). In other words, § 2.60(f) can be read as contemplating a reduction of the presumptive release date by extra good time credit in the situation when the prisoner's presumptive release date is a mandatory release date, but not when the prisoner's presumptive release date is a parole date. And reading § 2.60(f) this way harmonizes the regulation with 18 U.S.C. § 4162 and 28 C.F.R. § 523.1(b), which, as discussed, explicitly state that extra good time is applied to a sentence.

In short, Holt has not carried his burden of showing that MAGT can advance his May 2022 two-thirds date. *See Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009) ("In our view, the burden of proof under § 2241 is on the prisoner[.]"); *Sawyers v. Warden, USP Atlanta*, 465 F. App'x 837, 839 (11th Cir. 2012) (finding that "because [prisoner] failed to satisfy his burden of proof" that D.C. Educational Good Time applied, "he was not entitled to § 2241 relief"). As

such, the Court will ACCEPT the Magistrate Judge's recommendation (R. 8) and DENY Holt's petition for habeas corpus (R. 1).

SO ORDERED.

Dated: August 18, 2017

s/Laurie J. Michelson  
LAURIE J. MICHELSON  
U.S. DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 18, 2017.

s/Keisha Jackson  
Case Manager